UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Petitioner, )<br>v. )<br>DAVID DELGIZZI, As President of )<br>ADG, Inc., )<br>       Respondent. ) | M.B.D. No. 23-mc-91513-PBS |

REPORT AND RECOMMENDATION ON THE UNITED STATES'
PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

August 7, 2024

Boal, M.J.

On September 22, 2023, the District Court referred the subject petition to enforce an Internal Revenue Service ("IRS") Summons to the undersigned for a hearing and the issuance of a report and recommendation. Docket No. 4. That same day, this Court issued an order to show cause and scheduled a hearing for November 6, 2023. Docket No. 5.

This Court held a show cause hearing on November 6, 2023. Docket No. 6. Respondent David Delgizzi did not appear. This Court understood that Mr. Delgizzi had a family emergency and had to travel unexpectedly. See id. This Court encouraged the government to confer with Mr. Delgizzi in an effort to resolve the issues and continued the show cause hearing to December 13, 2023. Id. On December 13, 2023, Mr. Delgizzi filed a motion to continue the show cause hearing, which this Court granted. Docket Nos. 8, 9. This Court rescheduled the show cause hearing to January 31, 2024. Docket No. 9.

1

This Court held another show cause hearing on January 31, 2024. The hearing was held via telephone after Mr. Delgizzi informed the clerk that he was unable to connect to the Zoom hearing via computer or phone despite being able to communicate with the clerk via email using his iPhone. Docket No. 13. The clerk spent over half an hour attempting to enable Mr. Delgizzi to appear for the hearing. Id. Mr. Delgizzi did not appear for the hearing via telephone either. Id. He indicated to the clerk that he could not call in but that he agreed to produce the requested documents by February 15, 2024. Id. This Court ordered the government to file a status report by February 22, 2024. Id. It also warned Mr. Delgizzi that if he did not produce the documents by February 15, 2024, it would recommend that Judge Saris issue an order granting the government's petition and directing that Mr. Delgizzi obey the summons, upon pain of a finding of contempt of court. Id.

On February 22, 2024, the government filed a status report indicating that it had received some documents from Mr. Delgizzi but that those documents were insufficient to comply with the IRS summons. See Docket No. 14 at 1-2. The government did not request this Court to take any action at that time. Id. at 2. This Court ordered the government to file a further status report by March 8, 2024. Docket No. 15.

The government did not file a status report by March 8, 2024. This Court ordered the government to file a status report by June 3, 2024. Docket No. 17. On June 3, 2024, the government filed a status report requesting that this Court grant an additional 60 days to allow the government to continue to work with Mr. Delgizzi to collect the remaining documents responsive to the IRS summons. Docket No. 18. This Court ordered the government to file a further status report within 60 days. Docket No. 19.

On August 2, 2024, the government filed a status report. Docket No. 20. The government reported that, despite multiple conversations with Mr. Delgizzi, he continues to refuse to produce the necessary paperwork or documents to comply with the IRS summons. Id. at 1. Therefore, Mr. Delgizzi has failed to show any cause why he should not obey the Summons issued to him on January 24, 2023.

This Court finds that, based upon the Declaration of Revenue Officer Russell Silverstein (Docket No. 2), the United States has established a valid basis for issuance of an Order enforcing the Internal Revenue Service Summons, in accordance with 26 U.S.C. §§ 7402(b), 7602, 7604(a) and United States v. Powell, 379 U.S. 48 (1964).

This Court therefore RECOMMENDS that the Petition of the United States to Enforce the Internal Revenue Summons (Docket No. 1) be GRANTED, and that an Order issue, directing that Respondent obey the Summons within thirty days, upon pain of a finding of contempt of court.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of the Report and Recommendation to which objection is made and accompanied by the basis for such objection.   Any party may respond to another party's objections within fourteen days after service of the objections.   Failure to file objections within the specified time waives the right to appeal the order.   See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge